Filed 2/23/22  P. v. Rhoads CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANIEL AARON RHOADS,<br><br>    Defendant and Appellant. | F079979<br><br>(Super. Ct. No. BF174783A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury convicted Daniel Aaron Rhoads of second degree murder and found true an allegation of personal and intentional discharge of a firearm within the meaning of Penal

Code[1] section 12022.53, subdivision (d). The firearm enhancement added a prison term of 25 years to life to Rhoads's sentence. On appeal, Rhoads contends the trial court was unaware of its discretion to reduce the punishment by substituting a lesser included but uncharged enhancement under subdivision (b) or (c) of the same statute. The California Supreme Court's recent decision in *People v. Tirado* (2022) 12 Cal.5th 688 supports this claim. The matter will therefore be remanded to allow the trial court to consider all sentencing options under section 12022.53.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, detectives from the Kern County Sheriff's Office questioned Rhoads about the disappearance of William Alford, who had been reported missing several weeks earlier. Rhoads admitted to killing Alford but claimed he acted in self-defense. When asked about the decedent's remains, Rhoads told the detectives, "I bagged him and I put him in the trash." Forensic evidence corroborated the confession, but Alford's body was never found.

In January 2019, Rhoads was charged with one count of willful, deliberate, and premeditated murder (§ 187, subd. (a)). For enhancement purposes, he was alleged to have killed the victim by means of personal and intentional discharge of a firearm (§ 12022.53, subd. (d)), to wit, a .308-caliber rifle. The case went to trial in April 2019. The jury acquitted Rhoads of first degree murder but found him guilty of second degree murder. A true finding was made on the firearm enhancement allegation.

On May 14, 2019, defense counsel filed a sentencing memorandum wherein the trial court was asked to strike the firearm enhancement in the interests of justice. (See §§ 1385, 12022.53, subd. (h).) The People opposed the request. The motion hearing and sentencing both took place on September 4, 2019.

---

[1] All undesignated statutory references are to the Penal Code.

2.

There was no discussion on the record or in the sentencing memoranda of the trial court modifying/reducing the enhancement to impose lesser punishment than the term of 25 years to life prescribed by section 12022.53, subdivision (d). The trial court denied the motion, citing the "very callous" manner in which the firearm had been used. Rhoads was sentenced to 15 years to life on the murder count and received a consecutive term of 25 years to life for the firearm enhancement.

## DISCUSSION

Rhoads presents two related claims. He alleges the trial court "was clearly unaware of its discretion to impose a lesser enhancement" in lieu of choosing between striking the enhancement or imposing punishment under section 12022.53, subdivision (d). The People argue Rhoads forfeited this issue by failing to raise it with the trial court. Anticipating this problem, Rhoads's opening brief also alleges ineffective assistance of counsel (IAC).

Section 12022.53 provides for sentencing enhancements based on a defendant's personal use of a firearm in the commission of certain enumerated felonies. There is a 10-year enhancement for the personal use of a firearm (*id.*, subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (*id.*, subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death (*id.*, subd. (d)). Trial courts may, "in the interest of justice pursuant to Section 1385 …, strike or dismiss an enhancement otherwise required to be imposed by" section 12022.53. (*Id.*, subd. (h).)

In *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*), Division Five of the First Appellate District concluded trial courts have "discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome [is] found to be in the interests of justice under section 1385." (*Id.* at p. 223.) This district reached a different conclusion in *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted

3.

November 13, 2019, S257658.  The California Supreme Court has now held that "*Morrison* correctly described the scope of a trial court's sentencing discretion under section 12022.53."  (*People v. Tirado*, *supra*, 12 Cal.5th at p. 697.)  "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)."**2** (*Id*. at p. 700.)

Despite the merits of Rhoads's position on appeal, the People argue his claim should not be considered.  They rely on the general rule that "claims of error in the trial court's exercise of its sentencing discretion" are forfeited "if not raised at the sentencing hearing."  (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)  However, the purpose of this rule is " 'to reduce the number of errors committed in the first instance' " and " 'the number of costly appeals brought on that basis.' "  (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  The rationale is that "[s]uch errors are essentially factual, and thus distinct from ' "clear and correctable" ' legal errors that appellate courts can redress on appeal 'independent of any factual issues presented by the record at sentencing.' "  (*People v. Trujillo*, *supra*, 60 Cal.4th at pp. 856–857.)  It is also " 'unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could

---

**2**      "Section 12022.53(j) is the subdivision that authorizes the imposition of enhancements under section 12022.53.  It provides that for the penalties in section 12022.53 to apply, the existence of any fact required by section 12022.53(b), (c), or (d) must be alleged in the accusatory pleading and admitted or found true.  Therefore, the question [considered by the California Supreme Court was] not whether section 12022.53(h) authorizes the court to change, modify, or substitute an enhancement.  Rather, it [was] whether section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement."  (*People v. Tirado*, *supra*, 12 Cal.5th at p. 700.)

have been easily corrected or avoided.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

The policy considerations behind the forfeiture rule are inapposite here because Rhoads's claim could not have been " 'easily corrected or avoided' " in the trial court. (*People v. Stowell*, *supra*, 31 Cal.4th at p. 1114.) There was a split of authority on the issue in question at the time of sentencing. This district had already published an opinion adverse to Rhoads's position, so an appeal was likely even if defense counsel had raised the issue. Furthermore, this district has said a trial court's lack of knowledge regarding the scope of its discretion "may fall within a narrow class of sentencing issues that are reviewable in the absence of a timely objection." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)

"Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228, quoting *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) " 'Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal. [Citations.]' [Citation.] Where, as here, a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination." (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.) For these reasons, we reject the People's forfeiture argument. It is therefore unnecessary to address Rhoads's contingent IAC claim.

"Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon*, *supra*, 243 Cal.App.4th at p. 1026; see, e.g., *People v. Deloza* (1998) 18 Cal.4th 585, 600.) "[T]he appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached

5.

the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Here, the trial court could not have known the scope of its discretion under section 12022.53 because the spilt of authority on that issue was not resolved until this year. Although the People disagree, we conclude the record does not clearly indicate that a remand would be futile.[3]

We express no opinion as to how the trial court should exercise its sentencing discretion on remand.

## DISPOSITION

The judgment is affirmed but the sentence is vacated and the cause is remanded for a new sentencing hearing. On remand, the trial court shall consider all sentencing options under section 12022.53.

                                                              DE SANTOS J.
WE CONCUR:


FRANSON, ACTING P. J.


PEÑA, J.

---

[3]     The People rely on the following statements made by the trial court at sentencing: "[I]n this particular case, I do find that the nature of—and the circumstances under which the firearm was used in this particular case[—]not anything about Mr. Rhoads' prior history because in regards to the firearm allegation, in particular that did not particularly concern me[—]but in regards to the use of the firearm, which was very callous in the manner in which it was used in this particular case[,] I will deny the motion to strike the firearm allegation…."